Billy Coker appeals from a common pleas court judgment entered pursuant to a jury verdict finding him guilty of felonious assault with a firearm specification and disrupting public service. Coker complains on appeal that the firearm specification and the conviction for disrupting public service are not supported by sufficient evidence and are against the manifest weight of the evidence, and that the trial court abused its discretion in finding a six-year-old child competent to testify at trial.
After a careful and thorough review of the record presented to us in this case and the law, we affirm the decision of the trial court.
The facts of the case reveal that on December 28, 1997, Coker drove to the home of his estranged wife, Sherrell Treadwell, 9928 Hulda Avenue, Cleveland, to take her children to the movies. He entered her home and went into the kitchen to use her telephone, and, when Treadwell requested him to leave, he slammed the phone down. Treadwell then indicated she intended to call the police and picked up the phone, but in an effort to prevent her from doing so, Coker ripped the telephone out of the wall and punched her. At that time, Treadwell's six-year-old son, Day'Marr, entered the room, and she attempted to call the police through her ADT security system. Coker, however, started to beat her again. Treadwell instructed Day'Marr to get the cordless phone and dial 9-1-1. Coker then came up behind Treadwell, pulled out a gun, stuck it in her back, threatened to shoot her, and pulled the trigger repeatedly. Day'Marr and his sister, Shambriona, witnessed the episode. The gun however, made a "clicking" noise and failed to discharge. At that time, Coker grabbed his coat and ran out the front door. The next day, Treadwell went to the Cleveland Police Department and filed a complaint against Coker.
On March 10, 1998, a grand jury indicted him for one count of felonious assault which included a firearm specification and for one count of disrupting public service.
On May 21, 1998, the court commenced a jury trial on these charges. The state indicated its intention to call six-year-old Day'Marr Treadwell as one of its witnesses, and prior to his testimony, the court conducted a hearing regarding his competency and determined him competent to testify. At the conclusion of all of the evidence, the jury returned guilty verdicts, and the court sentenced Coker to five years for felonious assault with an additional three-year actual sentence for the firearm specification, and a concurrent one-year sentence for disrupting public service. Coker now appeals from that judgment and assigns five errors for our review.
 I.
Because assignments of error one, two, three, and four concern either the sufficiency of the evidence or the manifest weight of the evidence, they will be discussed together, and they state:
I.
 APPELLANT'S CONVICTION OF THE FIREARM SPECIFICATION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE WEAPON REPEATEDLY FAILED TO DISCHARGE AND THUS DID NOT CONSTITUTE AN "OPERABLE" FIREARM.
II.
 APPELLANT'S CONVICTION OF THE FIREARM SPECIFICATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE WEAPON REPEATEDLY FAILED TO DISCHARGE AND THUS DID NOT CONSTITUTE AN "OPERABLE" WEAPON.
III.
 APPELLANT'S CONVICTION OF DISRUPTING PUBLIC SERVICE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE AN ALTERNATIVE MEANS OF CONTACTING THE POLICE WAS READILY AVAILABLE.
IV.
 APPELLANT'S CONVICTION OF DISRUPTING OF PUBLIC SERVICE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE AN ALTERNATIVE MEANS OF CONTACTING THE POLICE WAS READILY AVAILABLE.
Coker argues both the sufficiency of the evidence and the manifest weight of the evidence as they relate to the operability of the firearm and his conviction for disrupting public service. The state contends that it produced sufficient evidence to convince a jury of the gun's operability and Coker's disrupting public service beyond a reasonable doubt. The issues here concern the sufficiency of the evidence and manifest weight of the evidence as they relate to the firearm specification and Coker's conviction for disrupting public service.
State v. Martin (1983), 20 Ohio App.3d 172, 175, provides the test for the sufficiency of evidence as follows:
 As to the claim of insufficient evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. Jackson v. Virginia, 443 U.S. 307, 319. (Citations omitted.)
Further in State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, the court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, * * *, followed.)
With these standards in mind, we examine the state's burden to prove the element of operability of this firearm. R.C. 2923.11
defines "firearm" as follows:
 (B) (1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.
 (2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.
In State v. Murphy (1990), 49 Ohio St.3d 206, the state presented testimony from a clerk and a customer that Murphy demanded money and threatened to kill the clerk. The Ohio Supreme Court held:
 The state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71 (A). However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. (State v. Gaines [1989], 46 Ohio St.3d 65 * * *, modified.)
Finally, proving operability does not require the state to provide an empirical analysis or examination of the gun, as such requirement would only frustrate the intent of the General Assembly of sending a message to the criminal world regarding possession of a firearm. Id. at 209.
In this case, Treadwell testified that Coker pulled out a gun, threatened to shoot her, and repeatedly pulled the trigger, but the gun only clicked and did not expel a projectile. We note here that R.C. 2923.11 defines a firearm to include an unloaded firearm. Hence, the fact that a projectile had not been expelled from the weapon does not exclude it as an operable firearm.
Here, the state did not produce the weapon at trial or perform any test on the gun as it had not been recovered by the police. Day'Marr, however, testified that he also saw Coker's gun, witnessed Coker pulling the trigger, and thought Coker "was going to shoot my mommy."
From the evidence presented by Treadwell and Day'Marr, the witnesses who were in a position to observe the gun and Coker, and from our review of the applicable law, we conclude, after viewing this evidence in a light most favorable to the prosecution, that a rational trier of fact could have found the element of operability beyond a reasonable doubt. Accordingly, we overrule the first assignment of error.
Next we turn to Coker's conviction for disrupting public service. In this case, the state indicted Coker for violating R.C. 2909.04 which provides:
 (A) No person, purposely by any means, or knowingly by damaging or tampering with any property, shall do any of the following:
* * *
 (3) Substantially impair the ability of law enforcement officers, firemen, or rescue personnel to respond to an emergency, or to protect and preserve any person or property from serious physical harm.
In State v. Brown (1994), 97 Ohio App.3d 293, the court stated:
 * * * Telephone service to the public includes both the initiation and receipt of telephone calls. Not only could the victim and her children no longer initiate or receive telephone calls at the apartment, but defendant also made it impossible for any member of the public to initiate telephone contact with the victim or her children at the apartment.
 The trial court could likewise properly conclude defendant disconnected telephone service at the victim's apartment on May 30, 1992 to prevent the making of an emergency 911 telephone call to the police or anyone else for assistance while defendant was beating her. The victim testified defendant threatened to kill her "before he'd go back to jail" during the incident when he pulled the telephone out of the wall. Under the circumstances, the trial court could properly conclude that purposely or knowingly destroying a telephone and disconnecting immediate access to emergency telephone service to prevent, obstruct or delay communication with emergency services substantially impairs the ability of law enforcement officers to respond to the emergency in violation of R.C. 2909.04 (A) (3).
Similarly in this case, the record reflects that Treadwell and Day'Marr both testified that Coker pulled the telephone off the wall as Treadwell tried to use it to call the police. After viewing this evidence in a light most favorable to the state, the jury could have found that Coker knowingly substantially impaired the ability of the police to respond to the emergency situation which Treadwell tried to report to them. In this instance, it is immaterial that other means were available to contact police. The state need only prove the essential elements of this offense to convince a jury of guilt beyond a reasonable doubt, and we conclude, after viewing this evidence in a light most favorable to the prosecution, that a rational trier of fact could have found Coker disrupted a public service beyond a reasonable doubt. Accordingly, we overrule the third assignment of error.
Next, we examine Martin to determine whether the firearm specification and conviction for disrupting public service are against the manifest weight of the evidence where the court explained as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. See Tibbs v. Florida (1982), 457 U.S. 31, 38. (Citations omitted.)
In this case, Treadwell and Day' Marr both testified that Coker pulled the telephone out of the wall and that they saw the gun, that Coker threatened to shoot her, and that he repeatedly pulled the trigger making a "clicking" sound. Coker did not present any witnesses in his defense. Hence, there are no conflicts in the evidence for us to weigh; rather we must consider the test as applied to the evidence in this case.
After weighing this evidence, as we are required to do underMartin, we conclude the state presented credible evidence from which the jury could reasonably have determined that Coker's gun was operable and he interrupted telephone service or emergency communications. Therefore, we cannot conclude the jury clearly lost its way and created a manifest miscarriage of justice. Accordingly, the second and fourth assignments of error are overruled.
 V.
Coker's fifth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT A SIX (6) YEAR-OLD CHILD WAS COMPETENT TO TESTIFY BECAUSE HE LACKED SUFFICIENT ABILITY TO RECEIVE A JUST IMPRESSION OF THE FACTS, TO COLLECT THESE IMPRESSION, AND TO COMMUNICATE THOSE IMPRESSIONS.
Coker contends the court abused its discretion because it failed to evaluate Day'Marr's ability to receive facts, to recollect impressions, and to communicate those impression to others. The state maintains that Day'Marr responded to the court's questions and could differentiate between truth and falsity. The issue here concerns whether the court abused its discretion when it determined Day'Marr competent to testify at trial.
We begin by examining Evid. R. 601 (A) which provides:
 Every person is competent to be a witness except * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The court in State v. McNeill (1998), 83 Ohio St.3d 438, stated:
 In determining the competence of a child witness, the trial court must consider the child's ability to receive, recall, and communicate accurate impressions of fact, understand truth and falsity, and appreciate the responsibility to tell the truth. State v. Frazier (1991), 61 Ohio St.3d 247, * * * Because the trial court has the opportunity to observe the child's appearance, manner of responding to questions, general demeanor and ability to relate facts accurately and truthfully, its determination will not be reversed absent an abuse of discretion. Frazier, 61 Ohio St.3d at 250-251, * * *. See, also, State v. Allard (1996), 75 Ohio St.3d 482, 496.
In this case, prior to Day'Marr's testimony, the court conducted a voir dire of Day'Marr. As a result of the colloquy, the court learned Day'Marr's age, grade in school, teacher's name, address, and the persons living in his household. Further, Day'Marr told the court he knew the difference between truth and falsity and the consequences of lying, and he promised to tell the truth during his testimony. These responses helped the court determine Day'Marr's ability to receive just impressions and to relate them truly. Based on our review of the record we cannot say the court abused its discretion by declaring Day'Marr competent to testify. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL